IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL MEYERS, et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | C. A. No. 10-212-MPT |
| : | |
| MITCHELL L. HEFFERNAN, et al., : | |
| : | |
| Defendants, : | |
| Third Party Plaintiffs : | |
| : | |
| v. : | |
| : | |
| STEVE PATTON, et.al., : | |
| : | |
| Third Party Defendants. : | |

## MEMORANDUM ORDER

At Wilmington, this **26th** day of **January, 2012.**

This matter to collect unpaid wages was originally filed in the United States District Court for the District of New Jersey.  In this action, plaintiffs assert that defendants are principal officers of Mortgage Lenders Network USA, Inc. ("MLN"), a corporation which failed to pay them commissions earned and owed and that defendants, as MLN's "agents," are liable under New Jersey law.

MLN petitioned for bankruptcy relief in the United States Bankruptcy Court for the District of Delaware, Bankr. D. Del. No. 07-10146-PJW.  Defendants filed appearances in that matter.

In an Opinion and Order dated March 15, 2010, New Jersey District Court Judge

Mary Cooper determined that the issues in the present action appeared "to be intertwined with the bankruptcy proceedings in Delaware," and ordered that the matter be transferred to the federal district court of this jurisdiction, on the assumption that the claims would then be referred to the bankruptcy court here.  The New Jersey court also found that the "extent of the bankruptcy court's authority" over the present matter depends on whether the action is a core or non-core proceeding, and noted the applicable law.  *See* D.I. 3, 4.  Under 28 U.S.C. § 157(b)(3), it is the bankruptcy court's jurisdiction to determine whether a matter is a core proceeding or a non-core (related to) proceeding.  As noted in *Certain Underwriters at Lloyd's of London v. Otlowski*, No. 08-3998, 2009 WL 234957, at *2 (D.N.J. Jan 29, 2009), the unambiguous language of § 157(b)(3) requires the bankruptcy judge to make the initial decision whether a case is a core proceeding.

After the matter was transferred to the Delaware District Court, it was eventually referred to me.  *See* D.I. 7.  The parties consented to my jurisdiction under 26 U.S.C. § 636.  *See* D.I. 25.  On September 24, 2010, a memorandum order was entered on defendants' motion to dismiss (D.I. 11), which was granted and denied in part.  *See* D.I. 27.  Thereafter, defendants filed their answer on October 22, 2010.  *See* D.I. 31.  In addition, defendants filed their third party action on November 22, 2010.  *See* D.I. 34.  Third party defendants responded by filing a motion to dismiss for lack of personal jurisdiction under F‌ED. R. C‌IV. P. 12 (b)(2) and (3) on February 2, 2011.  *See* D.I. 47.  On May 2, 2011, the matter was referred to the Bankruptcy Court of the District of Delaware to determine the issue of whether this case involved a core proceeding.

Since that time and quite by accident, this court learned that the Honorable Peter

J. Walsh, the Bankruptcy judge to whom this matter was assigned, entered a decision on September 28, 2011 which determined plaintiffs' claims for unpaid wages are non-core because those "claims do not fall into any of the categories of core proceedings listed in 28 U.S.C. § 157(b) and do not arise in a bankruptcy case or under the Bankruptcy Code."  See In re Mortgage Lenders Network, USA, Inc., Bank. No. 07-10146-PJW, Adv. No. 11-51991-PJW, 2011 WL 4543257, *2 (Bankr. D. Del. Sept. 28, 2011).  Judge Walsh further determined whether the Bankruptcy Court has "related to" jurisdiction over the matter, and found it did not.  Unlike Belcufine v. Aloe, 112 F.3d 633 (3d Cir. 1997), where the former employees' state law claims against the officers of the debtor entity for unpaid wages resulted in the defendant officers raising a claim against the debtor for indemnity, no such claim has been asserted in the instant matter.  In Belcufine, because the indemnification claim brought by the officers resulted in a claim against the bankruptcy estate, related to jurisdiction over the plaintiff-employees' claims existed.

The district court's bankruptcy jurisdiction is determined under 28 U.S.C. § 1334 which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11," and shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.  See 28 U.S.C. § 1334(a)-(b).  District courts are authorized to refer to bankruptcy judges in the district "any and all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 . . . ."  28 U.S.C. § 157(a).[1]

---

[1] In this District, there is a standing order for the automatic referral of all title 11 proceedings to the bankruptcy judges.

For the Bankruptcy Court to hear or determine a proceeding, the proceeding must be "related to" a case under title 11.  The test for whether a matter is related to a bankruptcy case is "whether *the outcome of that proceedings could conceivably have any effect on the estate being administered in bankruptcy*."  *Pacor, Inc v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)(emphasis in original).[2]  "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."  *Id.*  Where, as here, the bankruptcy plan has already been confirmed, a close nexus is required to be established between the claim and the bankruptcy proceeding for related to jurisdiction to exist.  *See In re Resorts Int'l, Inc.*, 372 F.3d 154, 166-67 (3d Cir. 2004); *see also In re Sportsman's Warehouse, Inc.*, 457 B.R. 372, 385 (Bankr. D. Del. 2011).  When the "'interpretation, implementation, consummation, execution, or administration of a confirmed plan'" would not be affected, or if "there is no litigating or liquidating trust involved," finding the required a close nexus to invoke bankruptcy court jurisdiction is unlikely.  *In re Sportsman's Warehouse, Inc.*, 457 B.R. at 385 (quoting *In re Resorts Int'l*, 372 F.3d at 167).

As noted in Judge Walsh's well reasoned opinion, the resolution of the present claims would have no effect on MLN's estate.  No party has claimed indemnification rights or is seeking any recovery from MLN.  Plaintiffs have received a distribution from MLN's estate for their back wages claim and as part of the WARN Act settlement.  *In re*

---

[2] *Pacor* was overruled on other grounds by *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995); however, the Supreme Court has since agreed with the *Pacor* holding that "bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor."  *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995).

*Mortgage Lenders Network*, 2011 WL 4543257, at *5-6.  Any recovery by defendants on their indemnification claims against third party defendants will not come from the MLN estate.  As previously noted, this matter is not related to the MLN bankruptcy case.  Since the District Court may only refer proceedings that are at least "related to" a bankruptcy case, where no such related to situation exists, the Bankruptcy Court does not have jurisdiction to address any further matters beyond the core/non-core and related to issues.

Since the present action is a non-core proceeding and not related to the bankruptcy matter, the referral to the Bankruptcy Court should be withdrawn and the matter returned to this Court.  Therefore,

IT IS ORDERED since the Bankruptcy Court has determined the above-captioned matter is a non-core proceeding and not related to *In re: Mortgage Lenders Network USA, Inc.*, Bankr. D. Del. No. 07-10146-PJW, the continued referral to the Bankruptcy Court to handle all pre-trial matters is withdrawn, and the matter is returned to this Court.

IT IS FURTHER ORDERED that a teleconference with counsel is scheduled for **Wednesday, February 1, 2012 at 3:00 p.m.**  The teleconference shall be initiated by plaintiffs' counsel.

/s/ Mary Pat Thynge
United States Magistrate Judge