**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL MEYERS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MITCHELL L. HEFFERNAN, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 12-2434 (MLC)<br><br>**MEMORANDUM OPINION** |

**COOPER, District Judge**

Defendants, Mitchell L. Heffernan ("Heffernan") and James E. Pedrick ("Pedrick") (collectively, "Defendants") move for summary judgment on Count XXIX of the complaint. (Dkt. 159.)[1] Plaintiff, Jeffrey DePalma ("DePalma" or "Plaintiff") does not oppose that motion. (See dkt. 158 (Magistrate Judge Order deeming Plaintiff pro se).)[2] For the reasons that follow, the Court will grant summary judgment in favor of Defendants on Count XXIX of the complaint.

## BACKGROUND

**I.    FACTUAL BACKGROUND**

Plaintiff was employed as a business development manager at the now-defunct subprime mortgage lender, Mortgage Lenders Network USA, Inc. ("MLN"), from March

---

[1] The Court will cite to the documents filed on the Electronic Case Filing System ("ECF") by referring to the docket entry numbers by the designation of "dkt." Pincites reference ECF pagination.

[2] Seven additional plaintiffs brought this action. (Dkt. 1 at 1–2.) Those plaintiffs' claims were dismissed, with prejudice, by way of stipulation dated June 5, 2015. (Dkt. 150.)

2006 until February 2007.  (Dkt. 1 at 3; dkt. 151-4 at 9.)  He worked at MLN's office in Horsham, Pennsylvania.  (Dkt. 151-5 at 5.)  Plaintiff's primary job responsibilities involved soliciting "licensed mortgage brokers to use the mortgage products proffered by MLN." (Dkt. 1 at 3.)

Defendants served as principal officers of MLN.  (Id. at 2–3.)  Specifically, Heffernan served as the Chief Executive Officer and Pedrick was the Executive Vice President.  (Id. at 2.)

Plaintiff claims that he "was entitled to … receive[] commissions every time a mortgage broker solicited by him closed a loan through MLN." (Id. at 3.)  However, according to Plaintiff, Defendants "stopped paying … [him] earned commissions on loans that MLN closed through mortgage lenders solicited by him." (Id. at 27.)[3]

## II.  PROCEDURAL BACKGROUND

The procedural background in this action is lengthy and need not be repeated here.  Accordingly, the Court limits the following analysis to the procedural background related to Count XXIX of the complaint.

Plaintiff – along with the seven additional plaintiffs – filed this action on February 18, 2010.  (Dkt. 1.)  See also supra n.2.  The complaint alleged that Defendants failed to pay commissions due to plaintiffs in violation of the: (1) New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq. ("WPL"); (2) Sales Representatives' Rights Act, N.J.SA.

---

[3] According to Defendants, Plaintiff claims he is owed commissions earned in November 2006 and December 2006.  (Dkt. 151-4 at 9.)

2A:61A-1 et seq.; and (3) theories of quantum meruit and unjust enrichment. (Dkt. 1 at 1.)

MLN petitioned for bankruptcy relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware on February 5, 2007. (Dkt. 135 at 5–6.) Thereafter, this Court transferred "the claims asserted in this action to the United States District Court for the District of Delaware[.]" (Dkt. 3 at 2.) The District of Delaware dismissed plaintiffs' claims for quantum meruit and unjust enrichment on September 24, 2010. Meyers v. Heffernan, 740 F.Supp.2d 637, 646–58 (D. Del. 2010).

The District of Delaware transferred this action back to this Court on March 29, 2012. Meyers v. Heffernan, No. 10-212, 2012 WL 1133732, at *6–10 (D. Del. Mar. 29, 2012). Thereafter, this Court dismissed plaintiffs' claim for violation of the Sales Representatives' Rights Act, N.J.SA. 2A:61A-1 et seq. – on consent of the parties – by Order dated July 8, 2014. (Dkt. 136; see also dkt. 135 at 5 n.2.) Thus, Count XXIX of the complaint, setting forth DePalma's claim under the WPL, is the single remaining claim in this action. (Dkt. 1 at 27–28.) See also supra n.2.

## DISCUSSION

### I. LEGAL STANDARDS

#### A. Motion for Summary Judgment

Federal Rule of Civil Procedure ("Rule") 56 governs motions for summary judgment. See Fed.R.Civ.P. 56(a). Pursuant to Rule 56(a), a federal district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any

3

material fact and the movant is entitled to judgment as a matter of law." Id. The movant has the initial burden of proving the absence of a genuinely-disputed material fact regarding the claims at issue. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 331 (1986). The nonmoving party, in response, must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. at 324 (internal citation and quotation omitted). Material facts are those "that could affect the outcome" of the proceeding, "and a dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." Lamont v. New Jersey, 637 F.3d 177, 181 (3d Cir. 2011) (internal citation and quotation omitted). Summary judgment is "proper if, viewing the record in the light most favorable to the non-moving party and drawing all inferences in that party's favor, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." United States ex rel. Kosenske v. Carlisle HMA, Inc., 554 F.3d 88, 94 (3d Cir. 2009).

    A movant is not automatically entitled to summary judgment simply because the non-movant does not oppose the motion. Anchorage Assocs. v. V.I. Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990). Instead, a court may grant the unopposed motion "if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it …." Fed.R.Civ.P. 56(e)(3); see also Anchorage Assocs., 922 F.2d at 175. An unopposed motion is appropriately granted when the movant is entitled to judgment as a matter of law. Anchorage Assocs., 922 F.2d at 175.

4

B.     WPL

The WPL was enacted, in part, "to safeguard [workers'] health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency and well-being." N.J.S.A. 34:11-56a. The statute limits the definition of "[e]mployee" to "any person suffered or permitted to work by an employer, except that independent contractors and subcontractors shall not be considered employees …." N.J.S.A. 34:11-4.1.b. An "[e]mployer" under the WPL is "any individual, partnership, association, joint stock company, trust, corporation, the administrator or executor of the estate of a deceased individual, or the receiver, trustee, or successor of any of the same, employing any person in this State." N.J.S.A. 34:11-4.1.a. The statute defines "[w]ages" as "the direct monetary compensation for labor or services rendered by an employee, where the amount is determined on a time, task, piece, or commission basis excluding any form of supplementary incentives and bonuses which are calculated independently of regular wages …." N.J.S.A. 34:11-4.1.c.

II.    APPLICATION OF LEGAL STANDARD

A.     Plaintiff's Allegations: Count XXIX of the Complaint

Plaintiff alleges that each defendant meets the definition of "[e]mployer" under N.J.S.A. 34:11-4.1.a. "as principal officers and agents" of MLN. (Dkt. 1 at 27.) Plaintiff also alleges that he "was an employee of MLN, as defined by N.J.S.A. 34:11-4.1[b.]" and therefore contends that he is entitled to "earned commissions on loans that MLN closed through mortgage lenders solicited by him." (Id.) According to Plaintiff, those earned

5

commissions are "wages within the definition of N.J.S.A. 34:11-4.1[c.]." (Id. at 28.) Thus, Plaintiff contends that Defendants' alleged failure to pay earned commissions "violated the … [WPL] … and the regulations promulgated thereunder." (Id.)

### B. Defendants' Arguments

Defendants contend that Plaintiff's allegations fail "to establish an essential element of his claim – that he is entitled to relief under the WPL as an employee of MLN in Pennsylvania." (Dkt. 151-4 at 15.) Defendants argue that Plaintiff's employment relationship with MLN was limited to Pennsylvania, stating as follows:

> While employed by MLN, DePalma worked outside the State of New Jersey in MLN's regional office located in Horsham, Pennsylvania …. DePalma was interviewed in Horsham [Pennsylvania], and worked from his assigned cubicle at MLN's Pennsylvania office every day .... At all times relevant hereto, MLN did not have an office in New Jersey.

(Id. at 16.)

Defendants, based on the above description, contend that "DePalma [was] not a New Jersey employee entitled to relief under the WPL, but rather a Pennsylvania employee." (Id.) Defendants also argue that the plain language of the WPL, discussed supra Sec. I.B, demonstrates that the statute only applies to "workers employed within the State of New Jersey." (Id. at 17.)

### C. Analysis

The Court will grant summary judgment in favor of Defendants because Plaintiff fails to provide evidence that: (1) he worked in the state of New Jersey; or (2) MLN conducted business in the state of New Jersey sufficient to satisfy the definition of "[e]mployer" under the WPL. See supra Sec. I.B. That definition is limited to entities

6

"employing any person" in the state of New Jersey.  N.J.S.A. 34:11-4.1.a.  The undisputed facts here indicate that Plaintiff worked at MLN headquarters in Horsham, Pennsylvania.  See supra BACKGROUND, Sec. I.  The Court therefore finds no genuine issue of material fact that Plaintiff, as a Pennsylvania employee, was entitled to protection under the WPL.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 584–87 (1986); see also N.J.S.A. 34:11-4.1.a.  Accordingly, the Court will grant summary judgment in favor of Defendants on Count XXIX of the complaint.  N.J. Dep't of Labor v. Pepsi-Cola Co., 784 A.2d 64, 66 (N.J. 2001); D'Agostino v. Johnson & Johnson, Inc., 628 A.2d 305, 318 (N.J. 1993) ("New Jersey law does not regulate conduct outside the state.").

## CONCLUSION

The Court, for the reasons stated above, will grant summary judgment in favor of Defendants on Count XXIX of the complaint.  The Court will issue an appropriate Order and Judgment.

  s/ Mary L. Cooper  
**MARY L. COOPER**  
United States District Judge

**Dated:**  April 22, 2016

7